UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Yalcin Ayasli

v.

Civil No. 19-cv-183 -JL
Opinion No. 2020 DNH 171P

Sezgin Baran Korkmaz, Kamil Feridun Ozkaraman, Fatih Akol, SBK Holdings A.S., SBK Holdings, USA, Inc., Bugaraj Elektronik Ticaret ve Bilisim Hizmetleri A.S., and Mega Varlik Yonetim, A.S.

**ORDER**

In a complaint filed in this court, Plaintiff Yalcin Ayasli, a New Hampshire resident, brought several claims against a variety of defendants, charging them with a conspiracy to devalue his Turkish airline, BoraJet, purchase it at the devalued price, and file lawsuits in Turkey, all for the alleged purpose of extorting him.[1] Ayasli brought civil RICO, conspiracy, fraudulent misrepresentation, defamation, intrusion of privacy, and New Hampshire Consumer Protection Act claims against some or all of seven defendants: Sezgin Baran Korkmaz and two of his companies, SBK Holdings Anonim Sirketi ("SBK Holdings") and Bugaraj Elektronik Ticaret ve Bilisim ("Bugaraj") (collectively the "Korkmaz defendants"); SBK Holdings, USA, Inc.; Mega Varlik Yonetim Anonim Sirketi ("Mega Varlik"); Fatih Akol; and Kamil Feridun Ozkaraman.

[1] Compl. (doc. no. 1).

Five of these defendants moved to dismiss Ayasli's claims for, among other things, lack of personal jurisdiction in this court.[2] Ayasli objected and, further, moved to transfer venue.[3] After concluding that this court did, in fact, lack such jurisdiction over those defendants, and that Ayasli could have brought the case in the United States District Court for the Central District of California as against four of those defendants, see 28 U.S.C. § 1631, the court granted Ayasli's motion to transfer venue. Ayasli v. Korkmaz, No. 19-CV-183 -JL, 2020 WL 4287923, at *1–2 (D.N.H. July 27, 2020). Specifically, it transferred the case as against Korkmaz, SBK Holdings, Bugaraj, and Akol to that District and dismissed Ayasli's claims against Mega Varlik in light of the latter's lack of contacts with the United States as a whole. Id. at *25-27. The court did not transfer or dismiss Ayasli's claims against the two remaining parties, both of which have defaulted: SBK Holdings, USA and Ozkaraman.

Ayasli now moves the court to reconsider its decision, arguing that the court committed a "manifest error of fact or law," see LR 7.2(d), when it denied Ayasli's motion to transfer his claims against SBK Holdings, USA and Ozkaraman to California

[2] Korkmaz Defendants' Mot. to Dismiss (doc. no. 19); Akol's Mot. to Dismiss (doc. no. 40); Mega Varlik's Mot. to Dismiss (doc. no. 47).

[3] Transfer Mot. (doc. no. 50).

alongside the other defendants.[4] Defendants SBK Holdings, USA and Ozkaraman have not responded, though Akol and the Korkmaz defendants object.[5]

**Prior order on transfer**. The court transferred Ayasli's claims against four of the defendants under § 1631, which provides:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed.

28 U.S.C. § 1631. This statute mandates transfer when the court "finds that there is a want of jurisdiction." Id. But this court did not find that it wanted jurisdiction with respect to SBK Holdings, USA or Ozkaraman. And no party—neither Ayasli nor the other defendants—argued during the transfer-motion stage of this proceeding that this court lacked personal jurisdiction over SBK Holdings, USA or Ozkaraman. Because a party who fails to contest personal jurisdiction may waive that objection, Rife v. One W. Bank, F.S.B., 873 F.3d 17, 19 (1st Cir. 2017), the court declined—and continues to decline—to make such a finding.

In his motion to transfer, Ayasli also sought to transfer his claims against the remaining defendants—including SBK Holdings, USA and Ozkaraman—under 28 U.S.C. §§ 1406(a) and 1404(a). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall

---

[4] Mot. to Reconsider (doc. no. 74). Ayasli focuses his arguments on SBK Holdings USA, but moves as to both defendants.

[5] See Korkmaz Defendants' Obj. to Reconsideration (doc. no. 75); Akol's Obj. to Reconsideration (doc. no. 76).

dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). But no party argued, let alone demonstrated, that venue is improper in this district as to SBK Holdings, USA or Ozkaraman.

Finally, Section 1404(a) permits, but does not require, the court to, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Id. § 1404(a). And though Ayasli briefly discussed the efficiency of proceeding against all defendants in one jurisdiction,[6] no party developed an argument that the interests of justice warranted a discretionary transfer of Ayasli's claims against the defaulted parties.

**Reconsideration**. In seeking reconsideration, Ayasli argues that the court manifestly erred by denying his motion to transfer the case against all defendants "without explanation."[7] But as discussed here, Ayasli's transfer request as to SBK Holdings, USA and Ozkaraman was cursory and undeveloped. The court rejects the proposition that its rejection of an undeveloped argument constitutes "manifest error."

Still, the court did find—and the parties did not dispute—that Ayasli's suit could have been brought in the United States District Court for the District of California at least in part because that court could exercise general jurisdiction over SBK Holdings, USA in

---

[6] See Transfer Mot. Mem. (doc. no. 50-1) at 8-9, 12.

[7] Mot. to Reconsider Mem. (doc. no. 74-1) at 4–5.

light of its California domicile. Ayasli, 2020 WL 4287923, at *22. And as Ayasli now observes, any damages-related proceedings against a defaulted party like SBK Holdings, USA or Ozkaraman are best presented to the same court that adjudicates the merits of his claims. Transfer of the entire case serves the ends of conserving judicial resources as well as those of the parties. This satisfies the requirements of § 1404(a), under which, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ." 28 U.S.C. § 1404(a). Because the convenience of the parties and the interests of justice would be served by consolidating this action in one court, the court reconsiders its decision.

SBK Holdings, USA and Ozkaraman, having defaulted and filed no objection, also do not object to transfer under this provision. And none of the parties that do object dispute that the interests of justice would be served, or that it would be convenient for the parties, to have this case completely consolidated for all purposes in California. Akol does not address the question at all.[8] The Korkmaz defendants argue only that the court cannot transfer a party under § 1404(a) without jurisdiction over that party.[9] They are not wrong that "transfer under § 1404(a) is clearly inappropriate" when the court lacks jurisdiction over the party to be transferred,[10] and that no such jurisdiction has been

---

[8] See Akol's Obj. to Reconsideration.

[9] Korkmaz Defendants' Obj. to Reconsideration at 5.

[10] Id.

proven here. See Albion v. YMCA Camp Letts, 171 F.3d 1, 2 (1st Cir. 1999). But, as discussed supra, there has also been no showing nor finding that the court lacks personal jurisdiction over either SBK Holdings, USA or Ozkaraman. Nor has the plaintiff conceded as much, as Albion did. See id. And the defaulted parties have, thus far, waived any such argument. See Rife, 873 F.3d at 19.

Accordingly, the court GRANTS Ayasli's motion for reconsideration[11] and, on reconsideration, GRANTS Ayasli's motion to transfer this action as to all remaining parties to the United States District Court for the Central District of California.[12]

**SO ORDERED**.

Joseph N. Laplante
United States District Judge

Dated: October 2, 2020

cc: Robert H. Miller, Esq.
Chloe F. Golden, Esq.
Patrick J. Queenan, Esq.
Steven T. Cottreau, Esq.
Bruce W. Felmly, Esq.
Andrew Ryan Hamilton, Esq.
Michael A. Delaney, Esq.
Nafiz Cekirge, Esq.
Harvey J. Wolkoff, Esq.
Joseph D. Steinfield, Esq.
Sean O'Neill, Esq.
Arnold Rosenblatt, Esq.
Kathleen M. Mahan, Esq.

[11] Doc. no. 74.

[12] No party has requested that the court reconsider its order transferring this action as against Akol or the Korkmaz defendants, or dismissing Ayasli's claims against Mega Varlik. The court specifically does not reconsider those decisions.